IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY, as subrogee of JOHN SULLIVAN and SARAH THURSTON SULLIVAN,<br><br>        Plaintiff,<br><br>        v.<br><br>MARIO MARTINEZ,<br><br>        Defendant. | Case No. 3:19-cv-00463-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Amica Mutual Insurance Company ("Amica"), as subrogee of John Sullivan and Sarah Thurston Sullivan (the "Sullivans"), brings this action against defendant Mario Martinez ("Martinez"), alleging claims for negligence and gross negligence. (ECF No. 1.) Pending before the Court is Amica's motion for leave for service by publication. (ECF No. 8.) For the following reasons, the Court denies Amica's motion with leave to renew.

///

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Amica alleges that in 2017, the Sullivans hired Martinez, a contractor, to finish the flooring inside their mountain cabin located in Welches, Oregon. (Compl. ¶¶ 6-8.) While stripping the existing finish, Martinez applied a stain to the flooring that was prone to spontaneous heating and combustion if improperly handled. (Compl. ¶¶ 9-10.) Martinez improperly used the stain materials, and as a result, the Sullivans' cabin caught fire and sustained substantial fire damage. (Compl. ¶ 11.) The Sullivans received $367,922.82 from Amica to repair the cabin. (Compl. ¶ 13.)

On March 29, 2019, Amica filed this action against Martinez, seeking to recover as the real party in interest the amount it paid to the Sullivans. (ECF No. 1.) This motion followed. (ECF No. 8.)

## DISCUSSION

Amica asks the Court for leave to serve Martinez by publication because other methods of service have proven futile. (Pl.'s Mot. at 4.) Amica also asks the Court to extend the time to perfect service by sixty days. (Pl.'s Mot. at 5.)

Federal Rule of Civil Procedure 4(e)(1) allows a party to serve an individual "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In Oregon, individuals may be served in the following ways: (1) by personal service on the individual or an authorized agent; (2) by delivering copies of the summons and the complaint to the home of the individual and leaving it with a resident who is over fourteen years of age; (3) by leaving a copy of the complaint and summons at the individual's office during normal working hours "with the person who is apparently in charge"; and (4) by mailing a copy of the summons and complaint to the individual by first-class, certified, registered, or express mail with return

receipt requested. *See* Or. R. Civ. P. 7D(1). When a party demonstrates "by affidavit or declaration that service cannot be made by any method otherwise specified," the Court, "at its discretion, may order service by any method or combination of methods that under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action, including" service by publication. Or. R. Civ. P. 7D(6)(a).

In support of its motion, Amica submitted an affidavit by an investigator stating that she searched for Martinez's last known address in various public records, attempted personal service four times in April 2019 at four different locations, and called Martinez's last known phone numbers with no answer. (Pl.'s Mot. at 2-3, Ex. 2 at 3.) However, Amica offers no evidence showing that it has attempted to serve Martinez by certified, registered, or express mail. Although Amica's attempt at personal service at the address Martinez listed with the Construction Contractor's Board was unsuccessful, the record reflects that it learned of information suggesting that this address was "a possible address for . . . Martinez." (*Id.*) The Court therefore finds that Amica has failed to demonstrate that service on Martinez "cannot be made by any method otherwise specified." Or. R. Civ. P. 7D(6)(a); *see also Great Am. Ins., v. Brillhard*, No. 08-cv-963-BR, 2009 WL 440203, at *3 (D. Or. Feb. 20, 2009) (denying the plaintiff's motion for service by publication where it did not attempt to serve the defendant by certified, registered, or express mail).

Turning to Amica's request for an extension of time to perfect service, the record demonstrates that Amica has diligently attempted to serve Martinez. Therefore, the Court finds that good cause exists to extend the time for service by sixty days. *See* Fed. R. Civ. P. 4(m).

///

///

## CONCLUSION

For the reasons stated, the Court DENIES Amica's motion for leave for service by publication (ECF No. 8), with leave to renew after curing the deficiencies noted herein. The Court extends the time to perfect service by sixty days.

DATED this 27th day of June, 2019.

*Stacie F. Beckerman*

STACIE F. BECKERMAN
United States Magistrate Judge