IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY, as subrogee of JOHN SULLIVAN AND SARAH THURSTON SULLIVAN,<br><br>            Plaintiff,<br><br>      v.<br><br>MARIO MARTINEZ,<br><br>            Defendant. | Case No. 3:19-cv-00463-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Amica Mutual Insurance Company ("Amica"), as subrogee of John Sullivan and Sarah Thurston Sullivan (the "Sullivans"), filed this action against defendant Mario Martinez ("Martinez"), alleging negligence claims. (ECF No. 1.) Pending before the Court is Amica's renewed motion for service by publication. (ECF No. 8.) For the following reasons, the Court grants Amica's motion.

## BACKGROUND

Amica alleges that in 2017, the Sullivans hired Martinez, a contractor, to finish the flooring inside their mountain cabin located in Welches, Oregon. (Compl. ¶¶ 6-8.) While

PAGE 1 – OPINION AND ORDER

stripping the existing finish, Martinez applied a stain to the flooring that was prone to spontaneous heating and combustion if improperly handled. (Compl. ¶¶ 9-10.) Martinez improperly used the stain materials, and as a result, the Sullivans' cabin caught fire and sustained substantial fire damage. (Compl. ¶ 11.) The Sullivans received $367,922.82 from Amica to repair the cabin. (Compl. ¶ 13.)

On March 29, 2019, Amica filed this action against Martinez, seeking to recover as the real party in interest the amount it paid to the Sullivans. (ECF No. 1.) On May 15, 2019, Amica asked for leave to serve Martinez by publication because other methods of service had proven futile. (ECF No. 8.) The Court initially denied the request because Amica had not yet attempted all possible methods of service. (ECF No. 9.) Specifically, Amica had not attempted to serve Martinez by first-class certified, registered, or express mail with return receipt requested. (ECF No. 9.) The Court extended the time to perfect service by sixty days. (ECF No. 9.)

Now before the Court is Amica's Renewed Motion for Leave for Service by Publication. (ECF No. 15.) Following the Court's earlier order, Amica sent the Summons, Complaint, and the Court's June 27, 2019 Order, to Martinez's four last known addresses via first class certified mail with return receipt and signature confirmation requested. (ECF No. 15.) According to the return receipts, the letters were not delivered to Martinez. (ECF No. 15.)

The information available to Amica suggests that Martinez lives in either Multnomah County, Oregon (specifically, Gresham), or Clark County, Washington. (ECF No. 15.) Amica proposes service by publication in the Gresham Outlook newspaper, which is generally circulated in Gresham, and The Columbian newspaper, which is generally circulated in Clark County, Washington. (ECF No. 15.)

///

# DISCUSSION

"Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ." Fed. R. Civ. P. 4(e)(1). The Oregon Rules of Civil Procedure allow individuals to be served by the following methods: (1) by personal service on the individual or an authorized agent; (2) by delivering copies of the summons and the complaint to the home of the individual and leaving it with a resident who is over fourteen years of age; (3) by leaving a copy of the complaint and summons at the individual's office during normal working hours "with the person who is apparently in charge"; or (4) by mailing the copy of the summons and complaint to the individual by first-class certified, registered, or express mail with return receipt requested. *See* Or. R. Civ. P. 7(D)(1). Oregon law also allows for service by publication if service cannot be accomplished by other methods:

> [o]n motion upon a showing by affidavit or declaration that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action, including . . . publication of summons[.]

Or. R. Civ. P. 7(D)(6)(a). "An order for publication shall direct publication to be made in a newspaper of general circulation in the county where the action is commenced, or if there is no such newspaper, then in a newspaper to be designated as most likely to give notice to the person to be served." Or. R. Civ. P. 7(D)(6)(c).

Amica renews its request for leave to serve Martinez by publication in the Gresham Outlook and The Columbian newspapers. In response to the Court's concern that Amica had not yet exhausted its service attempts, Amica attempted to effect service by first-class certified mail

at Martinez's last four known addresses, to no avail. Therefore, the Court concludes that service by publication in the Gresham Outlook and The Columbian newspapers is appropriate under Or. R. Civ. P. 7(D). Those newspapers are generally circulated publications in the counties of Martinez's last known addresses, and therefore are most likely to provide Martinez with notice of this action. Amica must follow the service by publication requirements of the Oregon Rules of Civil Procedure which require, among other things, publication "four times in successive calendar weeks." Or. R. Civ. P. 7(D)(6)(c).

## CONCLUSION

For the reasons stated, the Court GRANTS Amica's renewed motion for leave for service by publication. (ECF No. 15.)

DATED this 9th day of October, 2019.

*/s/ Stacie F. Beckerman*

_____
STACIE F. BECKERMAN
United States Magistrate Judge